United States District Court
Southern District of Texas
**ENTERED**
August 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAZIM HASAN SAMNANI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05096 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Nazim Hasan Samnani's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #12), and Petitioner's Response to the Motion for Summary Judgment (the "Response") (Doc. #13). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Nazim Hasan Samnani ("Petitioner"), a citizen of India, entered the United States on a B-2 nonimmigrant visitor visa on May 28, 2024, and was authorized to remain until November 27, 2024. Doc. #1 at 7; Doc. #12 at 2. On August 6, 2025, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Petitioner with being removable for "remain[ing] in the United States for a time longer than permitted," and therefore in violation of section 37(a)(1)(B) of the Immigration and Nationality Act. Doc. #12, Ex. 2 at 1. On August 27, 2025, Petitioner was released on bond.[1] Doc. #1, Ex. 3. Respondents contend that Petitioner

---

[1] Petitioner posted the $15,000 case bond ordered by the Immigration Judge. Doc. #1, Ex. 3. Following his release, ICE—without authorization from the Immigration Judge or any court—required Petitioner to enroll in the Intensive Supervision Appearance Program ("ISAP"), a third

violated his release conditions by "fail[ing] to be present for a scheduled home visit." Doc. #12 at 3. Petitioner disputes this characterization[2] and notes that after the alleged violation, Petitioner continued to comply with all conditions of his supervised release, including attending his next scheduled office visit on June 17, 2026, where ICE officers told Petitioner they would reinstall his ankle monitor and take no further action. Doc. #13, Ex. 2 at 3. Despite this record of compliance, Respondents re-detained Petitioner when he appeared for his next scheduled check-in on June 24, 2026. Doc. #1 at 10-11; Doc. #12 at 3. Petitioner is currently held at the IAH Secure Adult Detention Facility in Livingston, Texas, and has never received a bond hearing or any individualized determination of flight risk, danger to the community, or violation of his release conditions. Doc. #1, Ex. 5; Doc. #12 at 3. Furthermore, the parties do not dispute that Petitioner has no criminal convictions, and the record contains no evidence that he poses a flight risk or danger to the community. Doc. #1 at 7; Doc. #12, Ex. 3 at 2.

Respondents argue Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a)(1).

---

party-administered program requiring a GPS ankle monitor, surrender of his original passport, scheduled reporting, and weekly facial-recognition check-ins. Doc. #1 at 8. Petitioner's counsel notified ICE that the bond order did not authorize ISAP participation, but ICE continued to enforce it, including the passport surrender. *Id.* at 9; *see* Doc. #1, Ex. 3. After roughly six months, ICE removed the ankle monitor but continued to require weekly electronic and facial-recognition check-ins. *Id.* ICE also required Petitioner's family members—who were not subject to removal proceedings or any Immigration Court order—to surrender their passports and other identification and report to ISAP. *Id.* at 10. Meanwhile, on or about April 1, 2026, United States Citizenship and Immigration Services ("USCIS") issued Petitioner an Employment Authorization Document authorizing him to work lawfully in the United States. *Id.* at 8.

[2] Petitioner asserts that ICE gave his family only a date for the visit, with no scheduled time, and that he briefly stepped outside of his apartment to retrieve documents from his car in the apartment complex's parking lot. Doc. #13, Ex. 2 at 3. An ICE officer arrived during those two minutes and was told Petitioner would return immediately, but the officer declined to wait and left without conducting the visit. *Id.* Petitioner understood from this encounter that he was required to remain inside his apartment for the entirety of any future scheduled visit day. Doc. #1 at 10. Respondents have not filed a reply to Petitioner's Response (Doc. #13) to dispute Petitioner's description of events.

Doc. #12 at 3-4. Petitioner argues his continued detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 13-16. "Congress created a distinct detention framework in 8 U.S.C. § 1226(a) for noncitizens like Petitioner, which provides for discretionary release … as opposed to its framework for mandatory detention in 8 U.S.C. § 1225(b)." *Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 881 (S.D. Tex. 2026). Moreover, Courts in the Southern District of Texas have held that the continued detention of a noncitizen who has no criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #12. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3

3. Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

AUG 1 2 2026
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

4